LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7979 GAF (VBKx) | Date | November 8, 2010 |
|---|---|---|---|
| Title | Uk Ki Min v. OneBeacon Insurance Company et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:** (In Chambers)

## ORDER TO SHOW CAUSE

On September 16, 2010, Plaintiff Uk Ki Min ("Plaintiff") commenced this action in Los Angeles Superior Court against defendants OneBeacon Insurance Company and Employers' Fire Insurance Company (collectively, "Defendants") for breach of the covenant of good faith and fair dealing and breach of contract. (Docket No. 1, Not., Ex. B [Compl.].) On October 22, Defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441(b). (Not. ¶ 7.) However, Defendants have failed to properly plead Plaintiff's citizenship.

"[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). A person's state of citizenship is "determined by her state of domicile, not her state of residence." Id.; see also Mantin v. Broad. Music, Inc., 244 F.2d 204, 206 (9th Cir. 1957) (concluding that diversity jurisdiction had not been sufficiently alleged where complaint alleged only that Plaintiff was "residing in the County of Los Angeles, State of California," which did not amount to an allegation that Plaintiff was a citizen of California).

Here, Defendants' removal notice states that Plaintiff "was and is 'a resident of the State of California.'" (Not. ¶ 3 (quoting Compl. ¶ 1).) Defendants also state that "Plaintiff's principal place of business is in the State of California." (Id.) However,

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7979 GAF (VBKx) | Date | November 8, 2010 |
|---|---|---|---|
| Title | Uk Ki Min v. OneBeacon Insurance Company et al | | |

Plaintiff's principal place of business as an owner of a video store is irrelevant for determining his citizenship because Plaintiff is brining this suit as an individual. The allegations in Plaintiff's complaint do not allege his citizenship and only describe his residency and the location of his video store. Under Mantin and subsequent case law, however, an individual's citizenship is not determined by his state of residence. 244 F.2d at 206.

    Because Defendants fail to describe the state where Plaintiff maintains his citizenship, the Court cannot determine whether diversity of citizenship exists. To properly invoke this Court's subject matter jurisdiction, Defendants must allege Plaintiff's state of citizenship, and clearly indicate whether Defendants' citizenship differs from Plaintiff's citizenship.

    Defendants are therefore **ORDERED TO SHOW CAUSE no later than November 22, 2010**, why this case should not be dismissed for lack of subject matter jurisdiction. A written memorandum addressing the Court's concerns shall constitute a sufficient response to this order. Failure to respond to the Court's order shall be deemed consent to dismissal of this case.

    **IT IS SO ORDERED.**